# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT BRANDON CAVANESS O'BRYANT,** <br> 6672 Borr Ave., <br> Reynoldsburg, OH 43068 <br> <br>     **Plaintiff, for himself and all others similarly situated,** <br> <br> vs. <br> <br> **PILLARS PROTECTION SERVICES, LLC,** <br> c/o Registered Agent: Timothy Brant <br> 1102 Geers Ave. <br> Columbus, OH 43206 <br> <br>     **Defendant.** | Case No.: 2:19-cv-1354 <br> <br> JUDGE <br> <br> MAGISTRATE JUDGE <br> <br> <br> **Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Robert Brandon Cavaness O'Bryant ("Plaintiff"), on behalf of himself and all others similarly situated, and proffers this Complaint for damages against Defendant Pillars Protection Services, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act., R.C. Chapter 4111, and R.C. § 4113.15.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Robert Brandon Cavaness O'Bryant is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff O'Bryant resides in Franklin County, Ohio.

6. At all times relevant herein, the Plaintiff was an employee of Defendant's as that term is defined in the FLSA, R.C. Chapter 4111, and R.C. § 4123.01.

7. Defendant Pillars Protection Services, LLC is a domestic Limited Liability Company registered to do business in Ohio and conducting business in Franklin County in the Southern District of Ohio.

8. At all times relevant herein, Defendant was a covered employer as that term is defined in the FLSA, R.C. Chapter 4111, and R.C. § 4123.01.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant's constituted an enterprise engaged in commerce within the meaning of the FLSA.

10. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime compensation under the FLSA. The consent is filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## **FACTUAL BACKGROUND**

**Defendant's Business & Pay Practices**

11. Defendant is in the business of providing security and private investigation services to the central Ohio region.

12. Defendant offers a range of services, including private and commercial property patrol, event or social gathering patrol, fire watch and loss prevention, K-9 narcotic detection, and eviction/notice enforcement, among others.

13. Defendant employs Security Guards to carry out these services. Upon information and belief, Defendant employs approximately 25 Security Guards at any given time.

14. Security Guards are paid on an hourly basis.

15. Security Guards are required to clock-in and -out using an application on their cell phones.

16. Security Guards are assigned to work at sites across the central Ohio region.

17. Security Guards' shifts vary, depending on their worksite. Security Guards do not receive lunch breaks, and instead, are instructed to eat during their shift when they have a chance.

18. Prior to the start of each shift, Security Guards are required to drive from their homes to Defendant's office located at 1102 Geers Avenue in Columbus, Ohio.

19. Security Guards then collect any items they need to perform their job duties at a particular site. For example, Security Guards pick up keys to enable them to access the site (or certain areas within the site), site cell phones, and a notebook binder containing standing orders and any other pertinent information about the site.

20. Then, Security Guards drive to the site to which they are assigned.

21. Security Guards are not compensated for the time spent in Defendant's office gathering the necessary items, nor are Security Guards compensated for the time spent driving to their assigned sites after they leave Defendant's office.

22. Driving to an assigned site can take anywhere between 25 minutes and 60 minutes, depending on location and traffic.

23. The act of retrieving the necessary site items and driving to the site are integral and indispensable parts of the Security Guards' duties.

24. Security Guards are not permitted to clock in until they reach their assigned site.

25. Occasionally, a Security Guard is required to drive to a different site during his or her shift. Security Guards are required to clock out before driving to their next assigned location, and they are not paid for the time spend driving between sites during their shift.

26. At the conclusion of their shifts, Security Guards are required to drive from their assigned site back to Defendant's office in order to drop off the site materials. Security Guards are not compensated for this time spent driving. Instead, Security Guards are required to clock out when they leave their assigned site.

27. Security Guards regularly work more than 40 hours per week, but they are not paid for all time spent performing compensable work in excess of 40 hours per week.

**Named Plaintiff's Experience**

28. Plaintiff O'Bryant was hired by Defendant on or around May 29, 2018.

29. Plaintiff is currently employed with Defendant.

30. At all times, Plaintiff has worked in the position of Security Guard and has been paid on an hourly basis.

4

31. Plaintiff was paid at a rate of $10.00 per hour until he completed his probationary period. Thereafter, in or around late November 2018, Plaintiff's pay rate was increased to $12.50 per hour.

32. Initially, Plaintiff was typically scheduled to work five 7-hour shifts each week.

33. Beginning on or around March 19, 2019, Plaintiff began working four 10-hour shifts per week.

34. Although the Plaintiff is generally scheduled for the above-mentioned hours, Plaintiff is often required to cover additional shifts.

35. Plaintiff regularly is scheduled to work between 35-45 hours per week.

36. Plaintiff does not receive a lunch break.

37. At all times during his employment, Plaintiff was subject to the pay practices described herein. Plaintiff was not compensated for time spent gathering necessary items in Defendant's office prior to the start of his shift. Further, Plaintiff was not compensated for his drive time, including: time spent driving from Defendant's office to the site, between sites during his workday, and driving back to Defendant's office at the conclusion of shift.

38. In or around late September 2018, Plaintiff complained to Defendant's Operations Chief, Timothy Brant about these pay practices. Specifically, Plaintiff explained that it was his understanding that the FLSA required Defendant to pay the Security Guards from the time they began performing work for Defendant's benefit until they concluded their work. Plaintiff explained that he believed they should be compensated for their travel time.

39. Mr. Brant responded that he would "look into it" and get back to Plaintiff. Plaintiff never received a response from Mr. Brant.

40. In or around October 2018, after receiving no response from Mr. Brant, Plaintiff approached Captain Anthony Johnson. Again, Plaintiff expressed his same complaints and stated that he believed it was illegal not to pay the Security Guards for time spent performing work and for their drive time. Mr. Johnson responded that Defendant does not pay Security Guards to pick up materials prior to starting their duties on site.

41. Following Captain Johnson's departure from Defendant's employment, Plaintiff approached Lieutenant April Horton about the issue. In or around November 2018, Plaintiff again complained of the illegal pay practices. Ms. Horton stated that she would address the issue with Mr. Brant. Plaintiff never received a response from Ms. Horton.

## FIRST CAUSE OF ACTION
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime**

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. Plaintiff bring this FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Security Guards employed by Defendants during the 3 years prior to the date of filing this Complaint, who were paid on an hourly basis and did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40, including drive-time and time spent completing pre-shift and post-shift tasks.

44. Upon information and belief, in the three years prior to the date of filing this Complaint, Defendant has employed more than 50 Security Guards. These other Security Guards are similarly situated to Plaintiff and are referred to herein as Similarly Situated Persons or "SSPs".

45. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is

representative of all Security Guards employed by Defendant, and he is acting on behalf of their interests as well as his own in bringing this action.

46. The SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

47. Plaintiff and the SSPs are paid on an hourly basis.

48. Plaintiff and the SSPs are not exempt from the overtime requirements of the FLSA.

49. Plaintiff and the SSPs were not paid an overtime premium for all hours worked over 40 in a workweek.

50. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per week, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for <u>all</u> hours worked in excess of 40 per week.

51. Defendant knew or should have known that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40, including drive-time and time spent completing pre-shift and post-shift tasks.

52. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

<b><u>SECOND CAUSE OF ACTION</u></b><br><b>OMFWSA R.C. 4111.03 - Failure to Pay Overtime</b>

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. This claim is brought under Ohio Law.

55. Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) per workweek, including drive-time and time spent completing pre-shift and post-shift tasks, is a violation of Section 4111.03 of the Ohio Revised Code.

56. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 - Failure to Tender Pay by Regular Payday

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of when they performed compensable work.

59. At all times relevant herein, Defendant has failed and continues to fail to make proper wage payments to its Security Guards for all overtime compensation for hours worked in excess of 40 in a workweek.

60. By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated individuals are entitled to and pray for the following relief:

    A. Designation of this action as a collective action pursuant to the FLSA on behalf of the collective action members and prompt issuance of notice to all similarly situated members of the proposed opt-in class, notifying them of this action, and permitting them to assert their timely claims for overtime payment in this action;

B. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and OMFWSA;

C. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

D. An award of unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

E. An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

F. An award of prejudgment and post judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com)*
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Kyle T. Anderson (0097806)
(*Kyle@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)